# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

NICOLAS BLANCHARD

VERSUS

ACTION INDUSTRIES INC., THE
DOW CHEMICAL COMPANY AND
MYRON GIBSON

NO.  2024 CW 0844

**FEBRUARY 14, 2025**

---

In Re:    The Dow Chemical Company and Myron Gibson, applying for
          supervisory writs, 23rd Judicial District Court, Parish
          of Assumption, No. 38949.

---

**BEFORE:    WOLFE, MILLER, AND GREENE, JJ.**

**STAY LIFTED; WRIT GRANTED.** The district court's August 27, 2024 ruling denying the motion for summary judgment filed by Defendants, The Dow Chemical Company and Myron Gibson, is reversed. Under the "exclusive remedy" provided by La. R.S. 23:1032, an employer is generally immune from tort liability to an injured employee. **Moreno v. Entergy Corp.**, 2012-0097 (La. 12/4/12), 105 So.3d 40, 49. However, under La. R.S. 23:1032(B), the employer remains liable for "an intentional act." In the context of La. R.S. 23:1032, an "intentional act" is an act by a person (or entity) who either: (1) consciously desires the physical result of his act, whatever the likelihood of the result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result. **Reeves v. Structural Preservation Systems**, 98-1795 (La. 3/12/99), 731 So.2d 208, 211. Based on the facts of this case, we find Defendants successfully demonstrated they are entitled to judgment as a matter of law, and Plaintiff failed to produce factual support sufficient to preclude summary judgment. See La. Code Civ. P. art. 966(D)(1). As such, the motion for summary judgment filed by Defendants, The Dow Chemical Company and Myron Gibson, is hereby granted, and all claims asserted by Plaintiff, Nicolas Blanchard, against Defendants, The Dow Chemical Company and Myron Gibson, are dismissed with prejudice.

**EW**
**SMM**
**HG**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
    FOR THE COURT